FILED
NOV 0 2 2007 NH
Nov. 2, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | |
|---|---|
| DOVAL JORDAN and BRITTANY WILKINS, ) ) Plaintiffs, ) v. ) LARRY RATTLER, DAVID BIRD, MICHAEL E. LIPSEY, JEROME DOMICO, JR., RICHARD SANCHEZ, JR., UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, ) ) ) ) ) ) ) ) Defendants. ) | 07CV 6195 JUDGE LEFKOW MAGISTRATE JUDGE VALDEZ  JURY TRIAL DEMANDED |

## CIVIL RIGHTS COMPLAINT

Plaintiffs DOVAL JORDAN and BRITTANY WILKINS, by and through their attorney, Irene K. Dymkar, complaining against defendants, state as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of malicious prosecution and conversion.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

6. At all times herein mentioned, defendants LARRY RATTLER (hereinafter RATTLER), DAVID BIRD (hereinafter BIRD), MICHAEL E. LIPSEY (hereinafter LIPSEY), JEROME DOMICO, JR. (hereinafter DOMICO), RICHARD SANCHEZ, JR. (hereinafter SANCHEZ), and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity. Once the actual names of the UNKNOWN OFFICERS is known, plaintiffs will move for leave to amend this complaint.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On May 19, 2006, at approximately 1:00 PM, plaintiffs DOVAL JORDAN and BRITTANY WILKINS were lawfully in the home of BRITTANY WILKINS at

2852 W. Wilcox in Chicago, Illinois, and engaged in lawful conduct, when defendant police officer entered and searched said home.

9. Defendant police officers entered and searched said home without a warrant, without consent, and without legal cause, or failed to intervene in said illegal entry and search.

10. Plaintiff DOVAL JORDAN was placed in custody, handcuffed, and forced to ride in a police car to the police station.

11. Plaintiff DOVAL JORDAN was placed under arrest despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

12. Defendant police officers arrested or failed to intervene in the arrest of plaintiff DOVAL JORDAN.

13. Plaintiff's person was searched incident to the illegal arrest. A sum of money was taken from him.

14. Defendant police officers caused false felony drug charges to be filed against plaintiff DOVAL JORDAN or failed to intervene in the filing of said felony drug charges. Plaintiff was booked, processed, and formally charged with said crimes.

15. There was no probable cause for the filing of said charges against plaintiff.

16. Plaintiff DOVAL JORDAN was wrongfully incarcerated for 5-1/2 months.

17. The felony charges were terminated in plaintiff's favor on November 2, 2006.

18. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

19. The aforementioned acts of defendant police officers were willful, wanton,

3

malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and thus justify the awarding of exemplary and punitive damages.

20. By reason of the above-described acts and omissions of the individual defendants, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

21. Because of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that they might vindicate the loss and impairment of his rights. By reason thereof, plaintiffs request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiffs Against Individual Defendants for Unconstitutional Entry and Search of Home**

22. Plaintiffs DOVAL JORDAN and BRITTANY WILKINS incorporate and reallege paragraphs 1 – 21, as though set forth herein in their entirety.

23. The individual defendants entered and searched plaintiff BRITTANY WILKINS' home at 2852 W. Wilcox, Chicago, Illinois, in which plaintiff DOVAL JORDAN was a lawful guest with an expectation of privacy, without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

24. By reason of the conduct of the individual defendants, plaintiffs DOVAL JORDAN and BRITTANY WILKINS were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants RATTLER, BIRD, LIPSEY,

4

DOMICO, SANCHEZ, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff DOVAL JORDAN Against Individual Defendants for False Arrest

25.     Plaintiff DOVAL JORDAN incorporates and realleges paragraphs 1 – 21, as though set forth herein in their entirety.

26.     The arrest and incarceration of plaintiff by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

27.     The search incident to plaintiff's false arrest resulted in an unconstitutional seizure of a sum of money from plaintiff.

28.     By reason of the conduct of the individual defendants, plaintiff DOVAL JORDAN was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiffs Against Individual Defendants for Failure to Intervene

29.     Plaintiffs DOVAL JORDAN and BRITTANY WILKINS incorporate and reallege paragraphs 1 – 21, as though set forth herein in their entirety.

30.     The individual defendants had reason to know that the home at 2852 W. Wilcox, Chicago, Illinois was entered and searched and plaintiff DOVAL JORDAN was arrested, searched, and charged unjustifiably and without legal cause.

31.     The individual defendants had a reasonable opportunity to prevent said searches, arrest, and charging from occurring.

32.     By reason of the conduct of the individual defendants, plaintiffs DOVAL JORDAN and BRITTANY WILKINS were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT IV
**Plaintiff DOVAL JORDAN Against All Individual Defendants for Due Process Violations**

33.     Plaintiff DOVAL JORDAN incorporates and realleges paragraphs 1 – 21, as though set forth herein in their entirety.

34.     The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair hearing and trial.

35.     These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

36.     By reason of the conduct of the individual defendants, plaintiff DOVAL JORDAN was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to

42 U.S.C. §1983.

## COUNT V
**Plaintiff DOVAL JORDAN Against All Defendants for the State Supplemental Claim of Malicious Prosecution**

37.　　Plaintiff DOVAL JORDAN incorporates and realleges paragraphs 1 – 21, as though set forth herein in their entirety.

38.　　The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

39.　　The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured information under oath.

40.　　Plaintiff was wrongfully incarcerated for 5-1/2 months as a direct result of the prosecution of these criminal charges.

41.　　Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

42.　　The criminal proceedings were terminated in plaintiff's favor on November 2, 2006.

43.　　Defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

44.　　Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

### COUNT VI
**Plaintiff DOVAL JORDAN Against All Defendants for the State Supplemental Claim of Conversion.**

45. Plaintiff DOVAL JORDAN hereby incorporates and realleges paragraphs 1 - 21, as though set forth herein in their entirety.

46. Defendants' assumption of control over plaintiff's cash and their taking thereof was unauthorized and wrongful.

47. Plaintiff had the right to control and retain possession of his cash.

48. By seizing and holding plaintiff's cash, defendants have deprived plaintiff of his personal property without his consent.

49. Defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of conversion.

50. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiffs DOVAL JORDAN and BRITTANY WILKINS by and through their attorney, Irene K. Dymkar, request judgment as follows against the defendants on each and every claim:

>  1. That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,
> 
>  2. That defendants be required to pay plaintiffs special damages,
> 
>  3. That defendants, except CITY OF CHICAGO, be required to pay plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

4.  That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5.  That defendants be required to pay plaintiffs costs of the suit herein incurred, and

6.  That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**

Dated: November 2, 2007

/s/ Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

9