# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DOVAL JORDAN and | ) | |
| BRITTANY WILKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07 C 6195 |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY RATTLER, DAVID BIRD, | ) | Judge Joan H. Lefkow |
| MICHAEL E. LIPSEY, JEROME DOMICO, | ) | |
| JR., RICHARD SANCHEZ, JR., UNKNOWN | ) | Magistrate Judge Valdez |
| NUMBER OF UNNAMED OFFICERS OF | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| and CITY OF CHICAGO, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## DEFENDANT OFFICERS' ANSWER, DEFENSES AND
## JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants Larry Rattler; David Bird; Michael E. Lipsey; Jerome Domico, Jr.; and Richard

Sanchez, Jr. (collectively, "Defendant Officers"), by and through their attorney, Mara S. Georges,

Corporation Counsel of the City of Chicago, state for their Answers and Defenses to Plaintiff's

Complaint as follows:

## NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United
States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983) and 28 U.S.C. §2201, to redress
deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed
under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth,
Fifth, and Fourteenth Amendments to the United States Constitution.

**ANSWER:**      Defendant Officers admit that Plaintiffs bring this suit under 42 U.S.C. §

1983 and 28 U.S.C. § 2201 to redress alleged deprivations of Plaintiffs' civil rights resulting from

acts and/or omissions allegedly committed under color of law.  Defendant Officers deny the

remaining allegations contained in Paragraph 1.

2.    Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of malicious prosecution and conversion.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3.    Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 3.

4.    Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 4.

## PARTIES

5.    At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 5.

6.    At all times herein mentioned, defendants LARRY RATTLER (hereinafter RATTLER), DAVID BIRD (hereinafter BIRD), MICHAEL E. LIPSEY (hereinafter LIPSEY), JEROME DOMICO, JR. (hereinafter DOMICO), RICHARD SANCHEZ, JR. (hereinafter SANCHEZ), and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity. Once the actual names of the UNKNOWN OFFICERS is known, plaintiffs will move for leave to amend this complaint.

**ANSWER:**    Defendant Officers admit that Larry Rattler; David Bird; Michael E. Lipsey;

Jerome Domico, Jr.; and Richard Sanchez, Jr. were at the time of the incident alleged in the

complaint, officers of the Chicago Police Department and were acting under color of state law and

as the employees or agents of the City of Chicago.  Defendant Officers are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

2

Paragraph 6.

7.     Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:**     Defendant Officers admit the allegations contained in Paragraph 7.

**STATEMENT OF FACTS**

8.     On May 19, 2006, at approximately 1:00 PM, plaintiffs DOVAL JORDAN and BRITTANY WILKINS were lawfully in the home of BRITTANY WILKINS at 2852 W. Wilcox in Chicago, Illinois, and engaged in lawful conduct, when defendant police officer entered and searched said home.

**ANSWER:**     Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of whether 2852 W. Wilcox is the home of Brittany Wilkins and whether Brittany Wilkins was at this address and engaged in lawful conduct at 1:00 p.m. on May 19, 2006. Defendants Rattler, Bird, Lipsey, and Domico deny the remaining allegations contained in Paragraph 8. Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.     Defendant police officers entered and searched said home without a warrant, without consent, and without legal cause, or failed to intervene in said illegal entry and search.

**ANSWER:**     Defendant Rattler admits that he entered the home without a warrant but denies the remaining allegations contained in Paragraph 9. Defendants Bird, Lipsey, Domico, and Sanchez deny the allegations contained in Paragraph 9.

10.     Plaintiff DOVAL JORDAN was placed in custody, handcuffed, and forced to ride in a police car to the police station.

**ANSWER:**     Defendant Officers admit the allegations contained in Paragraph 10.

11.     Plaintiff DOVAL JORDAN was placed under arrest despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

3

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 11.

12.     Defendant police officers arrested or failed to intervene in the arrest of plaintiff DOVAL JORDAN.

**ANSWER:**     Defendant Rattler admits that he arrested Doval Jordan but denies the remaining allegations contained in Paragraph 12. Defendants Bird, Lipsey, Domico, and Sanchez deny the allegations contained in Paragraph 12.

13.     Plaintiff's person was searched incident to the illegal arrest. A sum of money was taken from him.

**ANSWER:**     Defendants Rattler, Bird, Lipsey, and Domico admit that Doval Jordan was searched incident to arrest and that a sum of money was taken from him but deny the remaining allegations contained in Paragraph 13. Defendant Sanchez is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Defendant police officers caused false felony drug charges to be filed against plaintiff DOVAL JORDAN or failed to intervene in the filing of said felony drug charges. Plaintiff was booked, processed, and formally charged with said crimes.

**ANSWER:**     Defendant Officers admit Plaintiff was booked, processed, and formally charged with a criminal offense but deny the remaining allegations contained in Paragraph 14.

15.     There was no probable cause for the filing of said charges against plaintiff.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 15.

16.     Plaintiff DOVAL JORDAN was wrongfully incarcerated for 5-1/2 months.

**ANSWER:**     Defendant Officers deny that Doval Jordan was wrongfully incarcerated. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17.    The felony charges were terminated in plaintiff's favor on November 2, 2006.

**ANSWER:**    Defendants Rattler and Domico are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17. Defendants Bird, Lipsey, and Sanchez admit the felony charges against Doval Jordan were dismissed but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18.    By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.    The aforementioned acts of defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and thus justify the awarding of exemplary and punitive damages.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 19.

20.    By reason of the above-described acts and omissions of the individual defendants, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.    Because of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that they might vindicate the loss and impairment of his rights. By reason thereof, plaintiffs request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs were required to retain an attorney to institute, prosecute

and render legal assistance to them.  Defendant Officers deny the remaining allegations contained

in Paragraph 21 and deny Plaintiffs are entitled to the relief sought.

## COUNT I
**Plaintiffs Against Individual Defendants**
**for Unconstitutional Entry and Search of Home**

22.    Plaintiffs DOVAL JORDAN and BRITTANY WILKINS incorporate and reallege
paragraphs 1 - 21, as though set forth herein in their entirety.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 21 as their

answer to Paragraph 22.

23.    The individual defendants entered and searched plaintiff BRITTANY WILKINS'
home at 2852 W. Wilcox, Chicago, Illinois, in which plaintiff DOVAL JORDAN was a lawful guest
with an expectation of privacy, without a warrant, without permission, and without legal cause, thus
invading and violating plaintiffs' security and privacy.

**ANSWER:**    Defendant Rattler admits that he entered the home at 2852 W. Wilcox

without a warrant, is without knowledge or information sufficient to form a belief as to the truth of

whether this home belonged to Brittany Wilkins and whether Doval Jordan was a lawful guest with

an expectation of privacy, and denies the remaining allegations contained in Paragraph 23.

Defendants Bird, Lipsey, Domico, and Sanchez are without knowledge or information sufficient to

form a belief as to the truth of whether this home belonged to Brittany Wilkins and whether Doval

Jordan was a lawful guest with an expectation of privacy.  Defendants Bird, Lipsey, Domico, and

Sanchez deny the remaining allegations contained in Paragraph 23.

24.    By reason of the conduct of the individual defendants, plaintiffs DOVAL JORDAN
and BRITTANY WILKINS were deprived of rights, privileges and immunities secured to them by
the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted
thereunder.  Therefore, defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and
UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 24.

6

## COUNT II
### Plaintiff DOVAL JORDAN Against Individual Defendants for False Arrest

25.     Plaintiff DOVAL JORDAN incorporates and realleges paragraphs 1-21, as though set forth herein in their entirety.

**ANSWER:**     Defendant Officers restate their answers for Paragraphs 1 through 21 as their

answer to Paragraph 25.

26.     The arrest and incarceration of plaintiff by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 26.

27.     The search incident to plaintiff's false arrest resulted in an unconstitutional seizure of a sum of money from plaintiff.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 27.

28.     By reason of the conduct of the individual defendants, plaintiff DOVAL JORDAN was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 28.

## COUNT III
### Plaintiffs Against Individual Defendants for Failure to Intervene

29.     Plaintiff DOVAL JORDAN and BRITTANY WILKINS incorporate and reallege paragraphs 1 - 21, as though set forth herein in their entirety.

**ANSWER:**     Defendant Officers restate their answers for Paragraphs 1 through 21 as their

answer to Paragraph 29.

30.     The individual defendants had reason to know that the home at 2852 W. Wilcox, Chicago, Illinois was entered and searched and plaintiff DOVAL JORDAN was arrested, searched, and charged unjustifiably and without legal cause.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 30.

7

31.    The individual defendants had a reasonable opportunity to prevent said searches, arrest, and charging from occurring.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 31.

32.    By reason of the conduct of the individual defendants, plaintiffs DOVAL JORDAN and BRITTANY WILKINS were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 32.

<u>COUNT IV</u>
**Plaintiff DOVAL JORDAN Against All Individual Defendants**
**for Due Process Violations**

33.    Plaintiff DOVAL JORDAN incorporates and realleges paragraphs 1 - 21, as though set forth herein in their entirety.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 21 as their

answer to Paragraph 33.

34.    The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair hearing and trial.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 34.

35.    These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 35.

36.    By reason of the conduct of the individual defendants, plaintiff DOVAL JORDAN was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 36.

8

**COUNT V**
**Plaintiff DOVAL JORDAN Against All Defendants**
**for the State Supplemental Claim of Malicious Prosecution**

37.    Plaintiff DOVAL JORDAN incorporates and realleges paragraphs 1-21, as though set forth herein in their entirety.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 21 as their

answer to Paragraph 37.

38.    The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff.  The criminal proceedings were commenced and continued maliciously.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 38.

39.    The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured information under oath.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 39.

40.    Plaintiff was wrongfully incarcerated for 5-1/2 months as a direct result of the prosecution of these criminal charges.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form

a belief as to the truth of whether Doval Jordan was incarcerated for 5 ½ months as a direct result

of the prosecution of these charges but deny that any incarceration of Doval Jordan was wrongful.

41.    Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 41.

42.    The criminal proceedings were terminated in plaintiff's favor on November 2, 2006.

**ANSWER:**    Defendants Rattler and Domico are without knowledge or information

9

sufficient to form a belief as to the truth of the allegations contained in Paragraph 42. Defendants

Bird, Lipsey, and Sanchez admit the charges against Doval Jordan were dismissed but are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 42.

43.     Defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN
OFFICERS, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim
of malicious prosecution.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 43.

44.     Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondeat
superior.

**ANSWER:**     Defendant Officers deny the allegations contained in paragraph 44.

### COUNT VI
### Plaintiff DOVAL JORDAN Against All Defendants
### for the State Supplemental Claim of Conversion.

45.     Plaintiff DOVAL JORDAN hereby incorporates and realleges paragraphs 1 - 21, as
though set forth herein in their entirety.

**ANSWER:**     Defendant Officers restate their answers for Paragraphs 1 through 21 as their

answer to Paragraph 45.

46.     Defendants' assumption of control over plaintiffs cash and their taking thereof was
unauthorized and wrongful.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 46.

47.     Plaintiff had the right to control and retain possession of his cash.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 47.

48.     By seizing and holding plaintiff's cash, defendants have deprived plaintiff of his
personal property without his consent.

**ANSWER:**     Defendants Rattler, Bird, and Domico admit the allegations contained in

10

Paragraph 48.  Defendants Lipsey and Sanchez admit that by seizing and holding Doval Jordan's

cash, the arresting officers deprived Doval Jordan of his personal property but are without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 48.

49.     Defendants RATTLER, BIRD, LIPSEY, DOMICO, SANCHEZ, and UNKNOWN
OFFICERS, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim
of conversion.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 49.

50.     Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondeat
superior.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 50.

WHEREFORE, plaintiffs DOVAL JORDAN and BRITTANY WILKINS by and through
their attorney, Irene K. Dymkar, request judgment as follows against the defendants on each and
every claim:

1.     That defendants be required to pay plaintiffs general damages, including emotional
distress, in a sum to be ascertained at a trial of this matter,

2.     That defendants be required to pay plaintiffs special damages,

3.     That defendants, except CITY OF CHICAGO, be required to pay plaintiffs attorneys'
fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other
applicable provision,

4.     That defendants, except CITY OF CHICAGO, be required to pay plaintiffs
exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5.     That defendants be required to pay plaintiffs' costs of the suit herein incurred, and

6.     That plaintiffs be granted such other and further relief as this Court may deem just
and proper.

**ANSWER:**     Defendant Officers deny that Plaintiffs are entitle to the relief requested.

11

## AFFIRMATIVE DEFENSES

1.      Regarding Plaintiffs' state law claims, to the extent any employee or agent of Defendant City of Chicago was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct.  745 ILCS 10/2-202 (2004).

2.      Regarding Plaintiffs' state law claims, Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

3.      Regarding Plaintiffs' state law claims, Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4.      Defendant Officers are entitled to qualified immunity.  Defendant Officers are government officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed.  Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

5.      Plaintiff cannot establish willful and wanton misconduct on the part of Defendant Officers; therefore, to the extent that Plaintiff's claims are based on state law, Defendant Officers are immune from suit.  Illinois Local Governmental and Governmental Employees Tort Immunity

12

Act, 745 ILCS 10/2-202.

6.     Regarding Plaintiffs' state law claims, Defendant Officers are not liable for any injury caused by the acts or omissions of another person.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

7.     To the extent any of Plaintiff's claims are based on state law and to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

## DEFENSES TO ALL CLAIMS

8.     To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

9.     To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

## **JURY DEMAND**

Defendants Larry Rattler; David Bird; Michael E. Lipsey; Jerome Domico, Jr.; and

Richard Sanchez, Jr. request trial by jury.

Respectfully submitted,

s/ Marc J. Boxerman
MARC J. BOXERMAN
Senior Counsel

30 N. La Salle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
Atty. No. 06215790
mboxerman@cityofchicago.org

14

## <u>CERTIFICATE OF SERVICE</u>

I, Marc J. Boxerman, hereby certify that I have caused a true and correct copy of the above **NOTICE OF FILING** and **DEFENDANT OFFICERS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be sent via e-filing to the persons named below, each a "Filing User" pursuant to Case Management/Electronic Case Files, on January 10, 2008, in accordance with the rules governing the electronic filing of documents.


s/ Marc J. Boxerman
MARC J. BOXERMAN
Senior Counsel


Persons served:

Irene K. Dymkar                          Rita C. Moran
300 W. Adams, Suite 330                  City of Chicago Department of Law
Chicago, IL 60606                        30 N. La Salle Street, Suite 1020
dymkarlaw@ameritech.net                  Chicago, IL 60602
                                         rita.moran@cityofchicago.org