IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOVAL JORDAN and BRITTANY WILKINS, ) | |
| ) | No.   07 C 6195 |
| Plaintiff(s), ) | |
| ) | JUDGE LEFKOW |
| v. ) | |
| ) | Magistrate Judge Valdez |
| LARRY RATTLER, DAVID BIRD, MICHAEL ) | |
| E. LIPSEY, JEROME DOMINCO, JR., RICHARD ) | |
| SANCHEZ, JR., UNKNOWN NUMBER OF ) | |
| UNNAMED OFFICERS OF THE CHICAGO ) | |
| POLICE DEPARTMENT, and CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendant(s). ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its Answer, Defenses, and Jury Demand to Plaintiffs' Complaint, states as follows:

**Nature of Claim**

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871, (42 U.S.C. § 1983) and 28 U.S.C. § 2201, to redress deprivations of the civil rights of Plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

ANSWER:   Defendant City admits that this action purportedly arises under the United States Constitution and the laws of the United States. Defendant City denies the allegations in this paragraph to the extent they pertain to the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of malicious prosecution and conversion.

ANSWER: Defendant City admits the allegations in this paragraph.

**Jurisdiction and Venue**

3. Jurisdiction is based upon 28 U.S.C. §§ 1343, 1331, and 1367.

ANSWER: Defendant City admits the allegations in this paragraph.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained in this paragraph.

**Parties**

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained in this paragraph.

6. At all times herein mentioned, Defendants Larry Rattler (hereinafter Rattler), David Bird (hereinafter Bird), Michael Lipsey (hereinafter Lipsey), Jerome Domico, Jr., (hereinafter Domico), Richard Sanchez, Jr., (hereinafter Sanchez), and Unknown Number of Unnamed Officers of the Chicago Police Department (hereinafter Unknown Officers) were officers in the Chicago

Police Department and were acting under color of law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity. Once the names of the Unknown Officers is known, plaintiffs will move for leave to amend this complaint.

ANSWER: Defendant City admits that the named defendants were employed as officers in the Chicago Police Department at the time of the incidents alleged in the Complaint. Defendant City additionally admits that the named defendants are being sued in their individual capacity. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7. Defendant City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant City of Chicago maintained, managed, and/or operated the Chicago Police Department.

ANSWER: Defendant City admits that the City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant City is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

### Statement of Facts

8. On May 19, 2006, at approximately 1:00 p.m., plaintiffs Doval Jordan and Brittany Wilkins were lawfully in the home of Brittany Wilkins at 2852 West Wilcox in Chicago, Illinois, and engaged in lawful conduct, when defendant police officer entered and searched said home.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Defendant police officers entered and searched said home without a warrant, without

3

consent, and without legal cause, or failed to intervene in said illegal entry and search.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.   Plaintiff Doval Jordan was placed in custody, handcuffed, and forced to ride in a police car to the police station.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.   Plaintiff Doval Jordan was placed under arrest despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.   Defendant police officers arrested or failed to intervene in the arrest of Plaintiff Doval Jordan.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.   Plaintiff's person was searched incident to the illegal arrest. A sum of money was taken from him.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Defendant police officers caused false felony drug charges to be filed against Plaintiff Doval Jordan or failed to intervene in the filing of said felony drug charges. Plaintiff was booked, processed, and formally charged with said crimes.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. There was no probable cause for the filing of said charges against Plaintiff.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. Plaintiff Doval Jordan was wrongfully incarcerated for 5-1/2 months.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. The felony charges were terminated in Plaintiff's favor on November 2, 2006.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. The aforementioned acts of defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and thus justify the awarding of exemplary and punitive damages.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. By reason of the above-described acts and omissions of the individual defendants, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. Because of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that they might vindicate the loss and impairment of his rights. By reason thereof, plaintiffs request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to justice Act, or any other provision set by law.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT I

**Plaintiffs Against Individual Defendants for Unconstitutional Entry and Search of Home**

22. Plaintiffs Doval Jordan and Brittany Wilkins incorporate and re-allege paragraphs 1 through 21, as though set forth herein in their entirety.

ANSWER: Defendant City re-alleges its answers to paragraphs 1 through 21, as though set forth herein in their entirety.

23. The individual defendants entered and searched plaintiff Brittany Wilkins' home at 2852 W. Wilcox, Chicago, Illinois, in which Plaintiff Doval Jordan was a lawful guest with an expectation of privacy, without a warrant, without permission, and without legal cause, thus invading and violating Plaintiffs' security and privacy.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. By reason of the conduct of the individual defendants, plaintiffs Doval Jordan and Brittany Wilkins were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefor, defendants Rattler, Bird, Lipsey, Domico, Sanchez, and Unknown Officers, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. § 1983.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT II

### Plaintiff Doval Jordan Against Individual Defendants for False Arrest

25. Plaintiff Doval Jordan incorporates and realleges paragraphs 1-21, as though set forth herein in their entirety.

ANSWER: Defendant City incorporates and re-alleges its answers to paragraphs 1 through 21, as though set forth herein in their entirety.

26. The arrest and incarceration of Plaintiff by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The search incident to Plaintiff's false arrest resulted in an unconstitutional seizure of a sum of money from Plaintiff.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

28. By reason of the conduct of the individual defendants, plaintiff Doval Jordan was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Rattler, Bird, Lipsey, Domico, Sanchez, and Unknown Officers, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. § 1983.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

## COUNT III

### Plaintiff Against Individual Defendants for Failure to Intervene

29. Plaintiffs Doval Jordan and Brittany Wilkins incorporate and re-allege paragraphs 1-21, as though set forth herein in their entirety.

ANSWER: Defendant City incorporates and re-alleges its answers to paragraphs 1 through 21,

as though set forth herein in their entirety.

30. The individual defendants had reason to know that the home at 2852 W. Wilcox, Chicago, Illinois was entered and searched and Plaintiff Doval Jordan was arrested, searched, and charged unjustifiably and without legal cause.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

31. The individual defendants had a reasonable opportunity to prevent said searches, arrests, and charging from occurring.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. By reason of the conduct of the individual defendants, plaintiffs Doval Jordan and Brittany Wilkins were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Rattler, Bird, Lipsey, Domico, Sanchez, and Unknown Officers, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. § 1983.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT IV

**Plaintiff Doval Jordan Against All Individual Defendants for Due Process Violations**

33. Plaintiff Doval Jordan incorporates and realleges paragraphs 1 through 21 as though set forth herein in their entirety.

ANSWER: Defendant City incorporates and re-alleges its answers to paragraphs 1 through 21, as though set forth herein in their entirety.

34. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair hearing and trial.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

35. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of Plaintiff's due process rights.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. By reason of the conduct of the individual defendants, Plaintiff Doval Jordan was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Rattler, Bird, Lipsey, Domico, Sanchez, and Unknown Officers, and each of them, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT V

### Plaintiff Doval Jordan Against All Defendants for the State Supplemental Claim of Malicious Prosecution

37. Plaintiff Doval Jordan incorporates and realleges paragraphs 1 through 21, as though set forth herein in their entirety.

ANSWER: Defendant City incorporates and re-alleges its answers to paragraphs 1 through 21, as though set forth herein in their entirety.

38. The individual defendants maliciously caused criminal charges to be filed and prosecuted against Plaintiff. There was no probable cause for the institution of criminal charges against Plaintiff. The criminal proceedings were commenced and continued maliciously.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured information under oath.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. Plaintiff was wrongfully incarcerated for 5-1/2 months as a direct result of the prosecution of these criminal charges.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. The criminal proceedings were terminated in Plaintiff's favor on November 2, 2006.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43. Defendants Rattler, Bird, Lipsey, Domico, Sanchez, and Unknown Officers, and each

of them, is liable to Plaintiff under Illinois law for the state supplemental claim of Malicious Prosecution.

ANSWER:   Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44.   Defendant City of Chicago is liable pursuant to the doctrine of *respondeat superior.*

ANSWER:   Defendant City states that Plaintiffs' allegation in this paragraph is a vague, incomplete, or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and therefore this allegation is denied.

## COUNT VI

### Plaintiff Doval Jordan Against All Defendants for the State Supplemental Claim of Conversion

45.   Plaintiff Doval Jordan hereby incorporates and realleges paragraphs 1 through 21, as though set forth herein in their entirety.

ANSWER:   Defendant City incorporates and re-alleges its answers to paragraphs 1 through 21, as though set forth herein in their entirety.

46.   Defendants' assumption of control over Plaintiff's cash and their taking thereof was unauthorized and wrongful.

ANSWER:   Defendant City denies the allegation in this paragraph to the extent they pertain to the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

47. Plaintiff had the right to control and retain possession of his cash.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48. By seizing and holding Plaintiff's cash, defendants have deprived plaintiff of his personal property without consent.

ANSWER: Defendant City denies the allegation in this paragraph to the extent they pertain to the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

49. Defendants Rattler, Bird, Lipsey, Domico, Sanchez, and Unknown Officers, and each of them, is liable to Plaintiff under Illinois law for the state supplemental claim of conversion.

ANSWER: Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50. Defendant City of Chicago is liable pursuant to the doctrine of *respondeat superior*.

ANSWER: Defendant City states that Plaintiffs' allegation in this paragraph is a vague, incomplete, or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and therefore this allegation is denied.

## **AFFIRMATIVE DEFENSES**

1. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

2. A municipality is not liable under a theory or respondeat superior for the constitutional violations of its employees. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

3. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

4. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

5. Defendant Officers are not liable for any of Plaintiffs' claims because they can not be held liable for acts or omissions of other people. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiffs' alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6.  Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiffs would be required to be reduced by any amount by which the damages could have been lessened by Plaintiffs' failure to take reasonable action to minimize those damages.

7.  To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiffs, any verdict or judgment obtained by Plaintiffs based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

8.  If the Defendant Officers are found not liable to the Plaintiffs on any of their state claims, the City is not liable to the Plaintiffs.  745 ILCS 10/2-109.

9.  The Statute of Limitations for any claim under Illinois State Law Plaintiffs are attempting to plead is one year.  745 ILCS 10/8-101.  To the extent that Plaintiffs' claims under state law accrued more than one year prior to their filing of this complaint against the Defendant Officers and the City, those claims are time barred and should be dismissed.

**JURY DEMAND**

The City respectfully requests a trial by jury.

                                    Respectfully submitted,

                                    MARA S. GEORGES,
                                    CORPORATION COUNSEL
                                    CITY OF CHICAGO

By:    /s/ Rita Moran
                                    RITA MORAN
                                    Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866 Ofc.
(312) 744-3989 Fax
Attorney No. 06270301

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing Answer and Notice of Filing to be served upon the person(s) who is a "Filing User" in the above captioned case pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 10th day of January, 2008.

      /s/ Rita Moran
      Rita Moran
      Assistant Corporation Counsel