UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOVAL JORDAN and BRITTANY WILKINS,  )  <br> ) <br> Plaintiffs,       ) <br>   v.                 ) <br>                      ) <br> LARRY RATTLER, DAVID BIRD,          ) <br> MICHAEL E. LIPSEY, JEROME DOMICO,   ) <br> JR., RICHARD SANCHEZ, JR., UNKNOWN  ) <br> NUMBER OF UNNAMED OFFICERS OF THE   ) <br> CHICAGO POLICE DEPARTMENT, and CITY ) <br> OF CHICAGO,          ) <br>                      ) <br> Defendants.     ) | Case No. 07 C 6195 <br><br> Judge Joan H. Lefkow <br><br> Magistrate Judge Maria Valdez |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNT VI OF COMPLAINT**

Plaintiffs, DOVAL JORDAN and BRITTANY WILKINS, by and through their attorney, Irene K. Dymkar, in response to defendants' Federal Rule of Civil Procedure (FRCivP) Rule 12(b)(6) motion to dismiss Count VI of the complaint, state as follows:

**LEGAL STANDARD**

A motion to dismiss pursuant to FRCivP Rule 12(b)(6) challenges the sufficiency of the complaint. In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiffs' favor. *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004). The complaint will be dismissed only if it "appears beyond doubt" that the plaintiffs "can prove no set of facts which would entitle them to relief." *Hernandez v. City of Goshen*, 324 F.3d 535, 547 (7th Cir. 2003), *Jang v. A.M. Miller and Assoc.*, 122 F.3d 480, 483 (7th Cir. 1997). The Court must look at "any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467

U.S. 69, 73 (1984). A dismissal is appropriate only "when there is no possible interpretation of the complaint under which it can state a claim." *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d at 637.

### The Conversion Claim Did Not Accrue Until Plaintiff Demanded His Money Upon the Dismissal of His Charge and His Release from Custody

To prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Loman v. Freeman*, 2008 WL 1746680*12 (Ill.,April 17, 2008), citing *Cirrincione v. Johnson*, 184 Ill.2d 109, 114 (1998).

Rule 8(a)(2) of the Federal Rules of Civil Procedure (FRCivP) states that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the simplified pleading is to "give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The complaint need not contain all of the facts that will be necessary to prevail on a claim, because a filing under Rule 8 is not supposed to do that. A complaint should be "short and plain" and suffices if it notifies the defendant of the principal events. Rule 8 does not require, or permit, district judges to require, fact pleading. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). When federal courts entertain claims under state law under the supplemental jurisdiction of 28 U.S.C. § 1367, it is not necessary to plead facts matching elements of legal theories. *Christiansen v. County of Boone, IL*, 483 F.3d 454, 466 (7th Cir.2007).

In the case at hand, plaintiff alleges in his complaint the following regarding conversion:

> 13.   Plaintiff's person was searched incident to the illegal arrest. A sum of money was taken from him.
>
> 14.   Defendant police officers caused false felony drug charges to be filed against plaintiff DOVAL JORDAN or failed to intervene in the filing of said felony drug charges. Plaintiff was booked, processed, and formally charged with said crimes.
>
> 15.   There was no probable cause for the filing of said charges against plaintiff.
>
> 16.   Plaintiff DOVAL JORDAN was wrongfully incarcerated for 5-1/2 months.
>
> 17.   The felony charges were terminated in plaintiff's favor on November 2, 2006.
>
> 46.   Defendants' assumption of control over plaintiff's cash and their taking thereof was unauthorized and wrongful.
>
> 47.   Plaintiff had the right to control and retain possession of his cash.
>
> 48.    By seizing and holding plaintiff's cash, defendants have deprived plaintiff of his personal property without his consent.

The conversion claim did not accrue until DOVAL JORDAN's criminal case was dismissed for two reasons. First, while incarcerated, he could not ask for the return of the money and he could not receive the money. Second, since the money was seized as evidence, it could not be released until the case was dismissed. Thus, plaintiff did not have "an absolute and unconditional right to the immediate possession of the property," nor did he make "a demand for possession" of his money until his felony charge was dismissed and he was released from custody.

The conversion claim accrued on November 2, 2006, when DOVAL JORDAN was released. Plaintiff filed his complaint on November 2, 2007, and the conversion claim is therefore timely.

3

**The Statute of Limitation Was Tolled**

Two tolling provisions apply to the case at hand. *Equitable estoppel* suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing. In addition, *equitable tolling* permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even if the defendant took no active steps to prevent him from suing. *Singletary v. Continental Illinois Nat. Bank and Trust Co. of Chicago,* 9 F.3d 1236, 1241 (7th Cir.1993).

It was defendants' illegal conduct resulting in plaintiff's false arrest, 5-1/2 month incarceration, and wrongful and malicious prosecution that prevented him from obtaining the return of his money. Defendants should not be allowed to benefit from their unconstitutional conduct. The statute of limitations was tolled while DOVAL JORDAN was wrongfully incarcerated through the fault of defendants.

**Conclusion**

Counts VI is sufficient and not barred by the statute of limitations. Defendants' motion should be denied.

Dated: June 12, 2008                  /s Irene K. Dymkar
                                               Irene K. Dymkar

Plaintiffs' Attorney:
Irene K. Dymkar
300 West Adams, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

**CERTIFICATE OF SERVICE**

  I, Irene K. Dymkar, an attorney, certify that on the 12th day of June, 2008, a copy of PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNT VI OF COMPLAINT was served upon defendants' counsel below electronically, through the court's electronic filing system.

| | |
|---|---|
| Marcy M. Labedz | Rita Moran |
| City of Chicago Department of Law | City of Chicago, Department of Law |
| 30 N. LaSalle, Suite 1400 | 30 N. LaSalle, Suite 1020 |
| Chicago, IL 60602 | Chicago, IL 60602 |

            /s  Irene K. Dymkar
              Irene K. Dymkar